

# The Attorney General of Texas

December 12, 1979

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joe Resweber
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. MW-97

Re: Disposition of surpluses in interest and sinking fund for Harris County Hospital Bonds, Series 1950, after all principal of and interest thereon has been paid.

Dear Mr. Resweber:

Your request for an opinion poses the following question:

> After the payment of the principal of, and all interest on, the entire issue of $1,500,000 Harris County Hospital Bonds, Series 1950, can the surplus in the Interest and Sinking Fund created for the payment of, and interest on, said bond issue, be expended for other purposes?

You also wish to know how the surplus may be used.

The Harris County Hospital District was created pursuant to article IX, section 4, of the Texas Constitution, and article 4494n, V.T.C.S. The subject bonds were issued pursuant to Chapters 1 and 2 of Title 22 and Chapter 5 of Title 71, Revised Civil Statutes of Texas, 1925, as amended. Chapter 5 of Title 71 included the following provision in section 1 (now codified, as amended, as article 4478, V.T.C.S.):

> To issue county bonds to provide funds for the establishing, enlarging and equipping of said hospital and for all other necessary permanent improvements in connection therewith.

Acts 1913, 33rd Leg., ch. 39, at 72. (Emphasis added).

Chapter 2 of Title 22 in article 723, V.T.C.S., authorizes the use of surplus interest and sinking funds from courthouse, jail, road and bridge bonds for maintenance and repair of those improvements, within the

discretion of the commissioners court. Chapter 3 of Title 22 contains an express provision in article 752a, V.T.C.S., which authorizes surplus interest and sinking funds from Chapter 3 road bonds to be used for further road work within the discretion of the commissioners court. There is no comparable statutory authority for disposition of surplus interest and sinking funds in Chapter 1 or 2 of Title 22 which would appear to be applicable. Furthermore, it appears that the Texas courts have not written as to this issue.

The general rule appears to be that surplus interest and sinking funds may be expended for the same "public improvements" for which the bonds were originally issued. McQuillan, Municipal Corporations summarizes in Volume 15, § 43.134 as follows:

> A sinking fund should be applied to the payment of the principal and interest on the bonds which it was created to service, and even though the bonds have been declared void, cannot be diverted to other purposes.  Thus, it is an unlawful diversion to transfer a sinking fund to the general fund. . . .  It has been held that an unallocated surplus remaining after the payment of principal and interest of outstanding bonds may be used for the construction of a public improvement. . . .

It is settled law that moneys in a sinking fund may be used for no other purpose than the one for which it was created.  Bexar County Hospital District v. Crosby, 327 S.W.2d 445 (Tex. 1959).  See Attorney General Opinion H-658 (1975).

Therefore, although the authorizing statutes for this issue of bonds are silent to the disposition of surplus interest and sinking fund balances, the prevalent judicial and legislative reasoning appears to be that such surplus balances may only be used for the purposes for which the bonds were originally issued.

### S U M M A R Y

> The Interest and Redemption fund balance for the retired $1,500,000 Harris County Hospital Bonds, Series 1950, may be expended by the district for any lawful purpose relating to the establishing, enlarging, and equipping of said hospital, and for all other necessary permanent improvements.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by D. Ladd Pattillo
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Bob Gammage
Susan Garrison
Rick Gilpin
D. Ladd Pattillo
William G Reid
Bruce Youngblood